**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

ERIC HARRIS, *Individually  and on*
*behalf of all Others similarly*
*situated,*

Plaintiff,

                              Case No:
                              216(b) Collective Action

v.

CDE SERVICES LLC, a foreign
for profit Corporation,

Defendant.

---

## COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE OVERTIME WAGE SECTION OF THE FAIR LABOR STANDARDS ACT (FLSA)

---

Plaintiff, ERIC HARRIS, individually and on behalf of all other similarly situated persons employed as inside sales representatives ("ISR") from the period of three years preceding the filing of this complaint through the date of trial who consent to their inclusion in this collective action herein sue Defendant **CDE SERVICES LLC (**formerly CDE SERVICES INC.**)**, (hereinafter referred to as "CDE", or Defendant), pursuant to 29 U.S.C. § 216(b), of the Fair Labor Standards Act (the "FLSA") and states as follows:

**RECITATION OF FACTS**

1

1.    Plaintiff Harris and the class of similarly situated current and former insides sales employees (ISR) all worked for Defendant under job titles including:  Account Executive, Sales Executive, Account Manager, Sales Analyst, Senior Credit Debit Sales Analyst, Market Development Executive, Market Development Executive (I, II or III), (BDR), Relationship Manager, and other various job titles used to describe persons who performed substantially the same requirements of an inside sales representative ("ISR"), all worked at Defendant's physical offices, or worked remotely and their work was directed from Defendant's corporate office.

2.    The ISR's primary function was to use telecommunications such as telephones, email and technology to solicit businesses ("B2B)" to purchase CDE's point of service food stamp processing equipment, support services and sign a servicing agreement or subscription and credit card payment processing services. (hardware and software), and as stated by Defendant on its website:  Secure and Specialized Payment Solutions

3.    Plaintiff Harris, and the similarly situated sales rep employees were not compensated for all hours worked over 40 in each and every work week, and were knowingly permitted by CDE to suffer to work off the clock in violation of the FLSA under a scheme by Defendant to evade its wage pay

requirements under the FLSA.

4.     Defendant CDE has improperly and willfully withheld and refused to pay Plaintiff and all ISR, overtime wages or any wages for overtime hours worked and in violation of federal law.  Defendant's employment and payroll records will demonstrably show that Plaintiff, and all ISRs were or should have been non-exempt employees such that Defendant cannot now and should not be able to claim any exemption to overtime pay, and that Defendant knew that their failure to pay overtime wages to ISR was a willful violation of the FLSA.

5.     At minimum, Defendant acted with reckless disregard for its obligations to pay ISR overtime premiums for all hours worked, a position well known for 50 or more years to be a non-exempt position.  Further, Defendant willfully violated the records keeping requirements of the FLSA, which requires Defendant to accurately track and record ISR's work hours pursuant to 29 C.F.R. § 516.

6.     Defendant knows that the ISR here fail the short test for the executive exemption since they do not supervise two or more full time employees, and their primary job duties are non-exempt sales duties and not management of the business or enterprise nor any department of Defendant.

7.     Furthermore, as Plaintiff and all other ISR were paid on an

3

hourly basis, they also cannot be declared exempt from overtime pay under the Executive or administrative or highly compensated exemptions.

8.   Alternatively, Plaintiff and all others similarly situated were willfully or with reckless disregard for the FLSA, misclassified as salaried, exempt employees and not paid overtime premiums violation of the FLSA.

9.   Defendant knew or should have known that ISRs do not meet the administrative exemption, as their primary job duty does not in involve the use of discretion and independent judgment in matters of significance affecting the company and its management; and that their primary job duty is production and sales, typically non-exempt under the FLSA and as concluded by the DOL regulations, numerous federal courts, and concluded to be non-exempt in the DOL field operations handbook.

10.   Plaintiff and other ISR do not qualify under the retail sales exemption as their 50% or more of their incomes do not come from commissions; further the sales are not retail in concept nor part of any retail industry.

11.   Defendant absolutely knows that its inside sales representatives (ISR) routinely worked overtime hours, as managers and supervisors witnessed the extra hours, managers and company officials saw and knew that ISR were accessing telephone systems, CRM databases, emails, and

4

engaged in computer demonstrations and phone calls outside the standardized mandatory corporate schedule.

12.     Defendant also knew that ISR performed work in the evenings and on weekends and even managers communicated with ISR about work outside the regular business hours and when ISR were off the clock or should have been.

13.     Defendant willfully discouraged ISRs from reporting overtime hours by both misleading Plaintiffs to believe that they were salaried exempt employees, and instructions to just put in 40 hours for each week on time records.   Managers also completed time sheets for the ISR, filling in 8 hours for each day and 40 hours for the week, fully knowing the records were falsified, inaccurate and unreliable.

14.     Defendant has willfully failed to pay Plaintiff and all similarly situated employees in accordance with the Fair Labor Standards Act (FLSA).   Specifically, Plaintiff and similarly situated employees were not paid premium pay (aka overtime wages) for all hours worked in excess of forty (40) hours per week.   Plaintiff Harris, and the class of similarly situated employees did not and currently do not perform work that meets the definition of any exemption under the FLSA, and the Defendant's pay practices are not only unfair, but blatantly unlawful under the FLSA.

15.    Inside Sales representatives in this class predominantly spend their days making outbound (cold calls), and some inbound phone calls, sending email solicitations, researching the internet and either making internet presentations or demonstrations and consummate sales of new products or cloud applications, the sale of software and hardware or credit card processing services for business customers or clients of Defendant, including many restaurants and hotels in the hospitality industry.

16.    The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion.  Plaintiff reserves all rights to plead in the alternative.

### Jurisdiction & Venue

17.    This Court has subject matter jurisdiction over this action pursuant to *28 U.S.C. §1331*, because this action involves a federal question pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216 (b)*.

18.    This Court is empowered to issue a declaratory judgment under 28 U.S.C.§§ 2201 and 2202.

19.    This Court has personal jurisdiction over the Defendant, because the Defendant operates substantial business in Atlanta, and Marietta

Georgia, within this district where Defendant has physical, fixed offices, and the damages at issue occurred within this District, where Defendant maintained an office throughout the relevant time period.

20.    Venue is proper to this Court pursuant to 28 U.S.C. Sec. 1391(b) because the Defendant resides in this district and because a substantial part of the events giving rise to the claims occurred in this District as Plaintiff was hired from, supervised from and his work was directed by officers and managers from their principal place of business and corporate office located at 1200 Williams Drive, Suite 1210 Marietta, GA 30066, and from its other office located at 1145 Sanctuary Pkwy, Ste 12, Alpharetta, GA 30009.

21.    The overtime wage provisions set forth in FLSA §207 apply to Defendant, as CDE has earned over $500,000 annually and employed more than 10 people in the past 3 years.  Further, CDE has engaged in interstate commerce under the definition of the FLSA.  Alternatively, Plaintiff engaged in interstate commerce and/or in the production of goods for commerce selling defendant's products and services throughout the U.S., executing contracts for interstate sales, and selling and delivering products of which are shipped interstate.

**The Parties**

*Representative Plaintiff, Eric Harris*

22.    Eric Harris resides in Georgia.  He has been employed as an inside "sales executive" since approximately September 2023, primarily working in Defendant's Alpharetta office, but on occasion worked at the Defendant's principal place of business in Marietta, Georgia.  A few months ago, Harris began to work 2 days from home (remotely) and 3 days in the Alpharetta office.

23.    Plaintiff's work was highly supervised, micro-managed, and scrutinized on a daily basis by management from the corporate office and the Alpharetta office.

24.    Plaintiff's primary duties and responsibilities were production; to solicit businesses using telephone and emails to sell defendant's products and services and get orders or contracts signed by customers.  Ancillary duties included prospecting and lead development.

25.    Plaintiff, like all other ISR, was required to meet certain performance metrics which gauged his performance and determined whether he would continue to have a job, along with sales or production quotas.

26.    Plaintiff and all similarly situated ISR were paid a base salary,

and entitled to earn commissions from his sales, which Plaintiff routinely earned and was paid to him on a monthly pay schedule.

27.    Plaintiff was also assigned a standard, corporate work schedule such as 9 am to 6 pm,  with the opportunity to take up to a 1 hour meal break.  Thus when Plaintiff and other ISR did not take this full 1 hour meal break the result was hours/time worked over 40 for the workweek.

***The Defendant***

28.    CDE SERVICES LLC (formerly known as CDE SERVICES INC. until 2023)) is a for profit Delaware company with its principal office located at 1200 Williams Drive, Suite 1210, Marietta, GA 30066.  Defendant may be served through its designated registered agent:  Alexander Clay at: 1230 Peachtree Street NE, Suite 3011, Atlanta, GA 30309, or at its corporate office.    Defendant further operates from its second office in Alpharetta, located at 1145 Sanctuary Pkwy, Ste 12, Alpharetta, GA 30009..

29.    As stated by CDE on its LINKEDIN page, its business is self-described as:  "CDE provides customized Point of Sale equipment solutions to businesses that provide payment processing at the industry's latest standards. Our services include hardware provisioning, encryption, and even equipment recycling. As an organization, CDE aims to alleviate the

9

challenges involved with acquiring, deploying, and maintaining critical POS equipment."

30.    Upon information and belief and research, CDE employs inside sales employees (ISR) who work remotely, in either of its Atlanta or Marietta offices, or in hybrid roles of some days in the office and some days working from their homes.

31.    Defendant CDE is an employer within the definition of the FLSA 29 U.S.C. § 203(d), and is subject to the FLSA under enterprise coverage as it has revenues exceeding $500,000 annually in all applicable time periods and employs 50 or more employees.  Further, Plaintiff's work involved interstate commerce selling defendant's products and services across the USA, and sales of which are delivered interstate.

32.    Given turnover, Plaintiff estimates that the putative class of similarly situated inside sales representatives to be in the range of 100 persons who worked as ISR within the preceding 3 years from the filing of this complaint working at the CDE corporate office, or working remotely and reporting to the office.

## General Collective Action Allegations

33.    This collective action arises from an ongoing, longstanding,

wrongful scheme by Defendant to willfully underpay and refuse to pay overtime wages to a large class of workers, the inside sales representatives (ISR), who Defendant knew, and knows still up through the filing of this complaint, routinely worked overtime hours without being paid for all hours worked.

34.    Defendant's unlawful pay practice applicable to all inside sales representatives here involves permitting a group of non-exempt employees to suffer to work overtime hours without being paid a premium under a scheme to evade its overtime pay requirements under the FLSA.

35.    Alternatively, Defendant's unlawful pay practice applicable to all inside sales representatives here involves willfully misclassifying all ISR as exempt from overtime pay under a scheme to evade its overtime pay requirements under the FLSA.

36.    Management clearly and without dispute "turned a blind eye" to the off the clock overtime hours worked by the inside sales reps, and did so for greed and to save many millions of dollars in labor costs and decrease expenses, all to the detriment of its inside sales representatives.

37.    Meanwhile, management encouraged Harris and other sales representatives to work harder, put in more hours to reach sales goals and production requirements and performance metrics.

38.    Defendant no doubt made a calculated, willful decision to refuse to pay overtime wages under the risk that even if someone or many eventually made a claim for overtime wages, they would have benefited financially from the additional work hours in terms of increased sales, and the fact that the statute of limitations would run on claims before many would even assert their rights under the FLSA.

39.    As is often stated by Courts in similar FLSA overtime wage cases over the last 70 years, what has occurred at CDE here is the classic case of permitting employees to "suffer to work" off the clock, as doing so is unfair and not being paid a fair wage for a fair day's work as the FLSA mandates and for which it was created.

40.    Despite being an international, publicly traded corporation, with employees throughout the United State of America, including numerous attorney's and general counsel relationships, and having operated in the US and subject to the requirements of the FLSA for perhaps decades, Defendant has blatantly, and willfully violated the FLSA by:  a) willfully refusing to pay overtime wages when they knew and were aware of employees working overtime hours; b) willfully permitting ISR, who Defendant knew or should have known were non-exempt employees, to suffer to work off the clock without being paid the proper and lawful premium for all hours worked over

40 in each and every work week; c) willfully underpaid ISR even when paying overtime wages by failing to include bonuses and commissions in the regular rate and premium rates of payment of overtime wages; d) misleading ISR about the FLSA and meal break requirements and pressuring ISR to auto deduct 1 hour from their day for meal breaks even when ISR were working through some or all meal breaks and regardless of this fact; and d) misleading ISR for falsely claiming and representing that their off the clock work as not compensable and permitted by the FLSA; and (e) creating and maintaining a De Facto policy of ISR not working overtime hours on the clock or under reporting actual work hours on their time sheets while simultaneous encouraging overtime hours and discouraging reporting overtime hours.

41.    The FLSA does not require employees to have to "claim" or submit a claim for overtime hours as a condition for being paid for these hours, especially where the Defendant knows, or should know, that employees are working overtime hours.

42.    Here, Defendant has maintained for many years the application of a blind ignorance policy, or a De Facto off the clock policy, and have throughout the preceding 3 years of the filing of this Complaint and currently as well, been well aware of their inside sales representatives,

13

including Plaintiff, routinely working overtime hours without being paid for all hours worked.

43.    All ISR in the corporate office worked on similar compensation plans of annualized rate of pay or alleged base salary, and some percentage to goal incentive bonus or commission plan.

44.    When hired, Harris like all other ISR was led to believe the position was a salaried exempt position salaried position, and that if he had to work overtime hours to increase sales and hit quotas, the time is inherently authorized, encouraged and ratified.

45.    Harris and other ISR learned that in order to maximize the commission they could earn and meet sales or production goals or quotas, and keep his job, working in excess of 40 hours each week was required.

46.    It is also well known to CDE that only those sales representatives who were working much more than 40 hours each week ,were the ones who reached the sales goals, met performance metrics and who were the most productive sales employees.

47.    Throughout Plaintiff's term of employment, Harris routinely came in early, stayed late and worked most of the days without a 1 hour uninterrupted meal break.

48.    Management instructed Harris and other ISR to simply submit a

time sheet showing 8 hours per day of work time, and 40 hours per week; strange when the company has led Harris to believe that CDE classifies him as a salaried, exempt employee.

49.    Inconsistently, Harris and ISR are expected to go through the motion and a pointless self-reporting of work times in a time keeping program, but the company knows the time records are inaccurate, understated and thus unreliable.

50.    Harris's corporate work schedule is 9 am to 6pm, a 9-hour day and a 45-hour per week schedule.  The company permits Harris and other ISR to take a meal break of up to 1 hour, but does not track and record these meal break times in the time keeping system.

51.    Harris routinely works without taking this 1 hour meal break, thus incurring overtime hours each week.

52.    There is no company policy or means to report these additional hours worked when not taking a full 1 hour meal break.

53.    The company does not verify the time sheets submitted by the ISR, and common sense would tell them that sales employees do not work exactly 8 hours of work time every single day and exactly 40 hours each week, without some minutes over or even under that.

54.    Most importantly, management and the company instructed ISR

to falsify time records, under report their hours while approving, encouraging and permitting Harris and other ISR to work overtime hours off the clock.

55.    Plaintiff, like all other ISR, were entitled to earn a commission in addition to their base salary, and thus incentivized them to work extra hours beyond the standard corporate schedule of 9 to 6.

56.    Defendant, led Plaintiff to believe that working more hours than being reported and, thus working "off the clock", was lawful and that the company was complying with the FLSA because he was allegedly a salaried employee as led to believe.

57.    However, since Plaintiff's employment, there was never any meetings, discussions or training on the FLSA nor any explanation for what alleged exemption he and the ISR were subject to such that CDE was not required to pay him and the other ISR overtime premiums.

58.    Harris and ISR were directly discouraged by CDE from accurately reporting their actual work hours, including the overtime hours worked.

59.    Harris and ISR were simultaneously encouraged by CDE to work as many hours as they could or wanted in order to meet sales goals, maximize commission, and thus keep their jobs for want of production.

60.    Defendant also discouraged Plaintiff and all other ISR from complaining about not being paid for overtime hours worked and for not being able to report and clock in all hours worked by telling them to focus on earning their commissions and cash incentives, production goals and to just be thankful they had jobs.

61.    Harris spent hours on weekends and evenings searching for leads and businesses to solicit, and doing research, as well as putting information into the CRM program.

62.    All inside sales representatives were paid pursuant to the same common pay plan:  a base salary and eligibility for monthly commissions.

63.    Plaintiff, like all ISR in the corporate office, was given a set weekly corporate schedule of 45 hours per week, 9 hour days with opportunity to take up to a 1 hour meal break.

64.    Plaintiff routinely worked through much of his 1 hour meal break, including working while eating at his desk, or taking a short break to eat and continuing back to work.

65.    At no time did Defendant explain that working through all or sum of this 1 hour automatically deducted meal break was compensable overtime work hours and which should be reported and paid.

66.    Assuming like Harris all other ISR were paid on a salary basis,

then like Harris since CDE was not going to pay him overtime pay, there was no real concern in attempting to accurately report break times or any basis to do so, since the policy was no more than hours for the day and no more than 40 hours for the week.

67.    Plaintiff found it necessary to stay after the ending shift time and start work earlier than the official start times,  and put in this additional overtime work hours to complete his job duties and communicate with businesses in attempts to obtain sales.

68.    Plaintiff similarly performed work on weekends using his company laptop, answered and sent emails, and such work was not foreclosed, prohibited or discouraged by Defendant.

69.    Moreover, management knew of and encouraged ISRs to perform work outside the office or outside of business hours, to come in early and start working and to stay as late as they needed.

70.    Plaintiff, and all other similarly situated employees are currently now or have previously been covered under FLSA §207 as employees.

71.    Plaintiff routinely worked more than 40 hours in his workweeks during the term of his employment for CDE, and with the knowledge of management.

72. Harris was never disciplined for working from home or working beyond the standard shift times, nor for working more than 8 hours in a day and more than 40 hours and only reporting 8 hours for each day and 4 hours for the workweek.

73. Harris was never paid a premium for any overtime hours he worked, and the company communicated that he was not entitled to overtime wages.

**THE CLASS**

74. Plaintiff bring this suit individually, and on behalf of all similarly situated persons composed of the following Class or collective similarly situated members:

**PROPOSED CLASS:**

**All person working as inside sales representatives (ISR) under the titles of: Account Executive, Sales Executive, Credit/Debit Sales Executive, Account Manager, or any other job title used to describe persons whose primary job duty was inside sales or generating sales leads, who are currently employed or were previously employed with CDE SERVICES LCC within the three years preceding the filing of this lawsuit through to the date of trial.**

**COLLECTIVE FACT ALLEGATIONS**

75. Plaintiff is able to protect and represent the Collective or putative Class, and is willing and able, and consents to doing so.

76. Plaintiff is a proper Class or collective action representative of

all those similarly situated as he has been and still is employed by Defendant under the title of Account Executive (AE).

77.    Upon information and belief, Defendant employed 25 or more ISR at any given time working from their homes or working at the corporate office.

78.    Upon information and belief, during the preceding 3 years all ISR were subject to a single, common unlawful pay practice, including suffering to work off the clock or all misclassified as salaried, exempt employees.

79.    Defendants' job offer letters to inside sales representatives also demonstrate a common pay plan for inside sales reps:  a base salary and eligibility for a bonus or commission.

80.    All inside sales representatives within this class described herein are now, and at all times within the preceding 3 years of the filing of this complaint were treated as non-exempt employees and who were assigned to work 9 hour work days, Monday to Friday, and thus 45 hour work weeks.

81.    Alternatively, all ISR were treated and classified by Defendant as salaried, exempt employees.

82.    Upon information and belief, whenever Plaintiff and all other

inside sales representatives worked prior to the scheduled shift time, stayed after the shift time ended, or worked through any meal breaks, Defendant monitored, tracked and was fully aware of all employees exceeding 40 work hours, and even encouraged the additional work hours viewing such ISR as "go-getters".

83.    The Defendant maintained a company-wide policy throughout the relevant 3 year class period of willfully refusing to pay overtime wages or any premium pay for overtime hours worked for inside sales representatives despite, clear knowledge inside sales representatives have worked and continuing to work overtime hours, and as classified under the FLSA, non-exempt employees automatically due such wages.

84.    Upon information and belief, all inside sales representatives are supervised by team leaders and other managers, who very closely monitor performance, scrutinize sales representatives and their performance, metrics, such as phone calls and production and report results to the corporate office under a structured, corporate controlled manner, and all of whom had knowledge of their teams working overtime hours.

85.    Defendant maintained a **_De Facto_** off the clock policy (although there technically was not a time clock system), in which inside sales representatives were told to focus on their bonuses rather than any

21

overtime pay requirements of the FLSA, and placing them in fear of discipline and termination if they ever dared to submit a claim for overtime wages.

86.    At no time during the relevant 3 year time period did Defendant formally discipline inside sales representatives, including Harris for working off the clock overtime hours.

## COUNT I
## FLSA VIOLATIONS OF FLSA §207 AND DECLARATORY ACTION
## PURSUANT TO 28 U.S.C. SECTIONS 2201 and 2202

87.    Plaintiff alleges and incorporates by reference all preceding paragraphs of this Complaint and fully restates and realleges all facts and claims herein.

88.    The Fair Labor Standards Act (FLSA) was intended to tackle the twin evils of "overwork" and "underpay." Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 578, 62 S. Ct. 1216, 86 L. Ed. 1682 (1942).

89.    Defendant has willfully and intentionally engaged in a common company pattern and practice of violating the provisions of the FLSA, by failing to compensate all inside sales representatives as required pursuant to the FLSA's overtime wage provision, Section 207.

90.    Plaintiff and the proposed class of similarly situated, composed

22

of all current and former persons who worked for CDE as inside sales representatives, were denied overtime compensation pursuant to FLSA §207 as required to be paid by Defendant for all hours worked over 40 in each and every work week.

91.    Plaintiff and all those similarly situated are employees of Defendant during their time as contemplated by 29 U.S.C. § 203.

92.    Defendant does not, and cannot have a good faith basis for failing to pay Plaintiff and the class of inside sales representatives overtime pay, particularly here when they knew inside sales representatives were working overtime and discouraged them from reporting their overtime hours.

93.    Defendant misclassified Harris and all similarly situated ISR as salaried-exempt employees.

94.    Defendant knew or should have known that an inside sales position is a non-exempt position under the FLSA, and that classifying Harris and other ISR as exempt is contrary to well settled law. Thus Defendant cannot satisfy its burden to prove a subject and objective reason for classifying them as exempt.

95.    Further, Defendants were aware and clearly knew Plaintiff and the inside sales rep position was a non-exempt position, subject to the time

tracking requirements of the FLSA, and automatically required to pay any non-exempt employee overtime premium when they knew or should have known such employees worked any time over 40 hours in a work week.

96.    Alternatively, Defendants classified Plaintiff and ISR as non-exempt, but willfully chose not to pay overtime premiums through the use of misinformation, falsified time records and a which was a scheme to avoid its overtime pay requirements under the FLSA.

97.    Plaintiff, and the class of similarly situated, are thus entitled to an equal sum in overtime wages owed at rates of one and one half times their regular rates of pay as liquidated damages. See *Johnson v. Big Lots Stores, Inc.*, 604 F.Supp.2d 903 at 925 (E.D. La. 2009).

98.    Defendant knowingly and willfully failed to accurately and fully track the hours worked by Plaintiff and the class of similarly situated employees in violation of the FLSA and 29 CFR Part 516.

99.    Defendant encouraged inside sales representatives to work as many hours as they could to meet or exceed sales goals as long as they did not report more than 40 hours without prior approval, but meanwhile had direct or constructive knowledge of inside sales representatives working overtime hours and more hours than reported on their time sheets.

100.  The FLSA required CDE to pay the overtime wages when they

24

know non-exempt employees "worked" over 40 hours in any work week, and does not permit an employer to escape or nullify its overtime pay obligations by placing the duty on the employee to formally submit the hours and make a claim for overtime pay, or by misinformation and instructions squelch or discourage reporting all hours worked.

101.  Regardless, the entire company policies and procedures related to work hours are oppressive, misleading and intended to discourage and prevent inside sales representatives from ever making a request or claim for overtime pay due to fear and intimidation of being terminated from employment.

102.  Defendant made clear to the inside sales representatives that they were not going to be paid overtime wages and that requesting such was going to subject them to heightened scrutiny, discipline and potentially termination of employment.

103.  Defendant at all times material maintained a De Facto policy in which ISR were instructed to falsify time records, underport hours worked, and meanwhile encouraging and permitting ISR to suffer to work off the clock.

104.  Defendant has failed to make, keep, and preserve accurate time records with respect to each of its employees sufficient to determine their

25

wages, hours, and other conditions of employment in violation of the FLSA 29 USC 201 *et. seq.*, including 29 USC Sec. 211(c) and 215 (a).

105.   Defendant knew and had reason to know, that overtime wages and premiums should have been paid to Harris and other ISR, but through its scheme to to save millions of dollars in labor costs, willfully chose to either misclassify the inside sales rep position as exempt or simply chose to institute policies, procedures and practices which both discouraged this group of non-exempt employees against making a claim for overtime pay when Defendant knew or should have known these employees were working overtime hours.

106.   ADefendant was well aware that in order to meet quotas and goals, inside sales representatives would have to routinely or even occasionally work overtime hours, and that the inside sales rep position was simply not a 40 hour per week job.  It knew those who were successful and led in sales made, routinely worked greater than 40 hours each week to do so.

107.   To summarize, CDE has willfully and lacking in good faith, violated the FLSA by the following unlawful pay practices applicable to Plaintiffs and the class of similarly situated employees by:  a) willfully withholding payment of overtime wages when they knew or should have

26

known Plaintiff and the class of inside sales representatives actually worked over 40 hours as they were non-exempt employes, or   b) willfully misclassifying Harris and all ISR as exempt under the FLSA, in clear violation of the FLSA.

108.   As a result of CDE's willful violations of the FLSA, Plaintiff and the proposed putative class of similarly situated have suffered economic damages by their willful failure to pay overtime compensation in accordance with FLSA §207 and their created and maintained unlawful pay practices.

109.   Due to CDE's willful violations of the FLSA, a three-year statute of limitations applies to the FLSA violations pursuant to *29 U.S.C. §255(a)*.

110.   As a result of CDE's unlawful acts and pay practices, complained of herein, Plaintiff and all other similarly situated present and former employees working as inside sales representatives under various job titles, have been deprived of overtime compensation in amounts to be determined at trial; and are entitled to recovery of such amounts, liquidated damages in amount equal to the overtime wages due, prejudgment interest, attorneys' fees, costs and other compensation pursuant to *29 U.S.C. §216(b)*, as well as injunctive relief pursuant to *29 U.S.C. §217*.

**WHEREFORE**, Plaintiff, individually, and on behalf of all other

27

similarly situated past and present inside sales representatives who worked for Defendants in the 3 years preceding the filing of this complaint to the present, seek the following the following relief:

a. Designation of this action as a collective action.

b. That Plaintiff be authorized to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present inside sales representatives employed by CDE at any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice for each respective class;

c. That all past and present inside sales representatives be informed of the nature of this collective action, and similarly situated employees right to join this lawsuit if they believe that they were or are misclassified as an exempt employee;

d. That the Court find and declare Defendant in violation of the overtime compensation provisions of the FLSA;

e. That the Court find and declare Defendant's violations of the FLSA were and are willful;

f. That the Court enjoin Defendant, Pursuant to *29 U.S.C. § 217*, from withholding future payment of overtime compensation owed to members of the Plaintiff Class and ordered to reclassify the ISR position to non-exempt.

g. That the Court award to Plaintiff and the Plaintiff Class, comprised of all similarly situated employees, overtime compensation at a rate of one and one half time their regular rates of pay, including the value of all compensation earned, for previous hours worked in excess of forty (40) for any given week during the past three years AND liquidated damages of an equal amount of the overtime compensation, in addition to

28

penalties and interest on said award pursuant to FLSA §216 and all other related economic losses;

h.    That the Court award Plaintiff and all other persons who opt into this action, recovery of their reasonable attorneys' fees and costs and expenses of litigation pursuant to FLSA § 216, including expert fees;

i.    That the Court issue in order of judgment under 29 U.S.C 216-17, 28 U.S.C. 2201 and 2202 finding that the Defendant unlawfully and willfully violated the FLSA by failing to pay overtime wages and failing to properly and willfully failing to accurately record all hours worked of non-exempt employees, as well as issue an INJUNCTION barring the Defendant from further violating the FLSA, including violating the time keeping requirements found at 29 CFR part 516;

j.    That the Court Award Pre-judgment and post-judgment interest, as provided by law, and;

k.    That the Court award any other legal and equitable relief as this Court may deem appropriate, including the value of underpaid matching funds in company pension or 401k plans.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Dated: February 13, 2025.

*/s/ Mitchell L. Feldman, Esquire*
Mitchell Feldman, Esq.
FELDMAN LEGAL GROUP

29

GA BAR NO: 257791
1201 Peachtree Street, NE 2nd Floor
Atlanta, Georgia 30361
T: (813) 639-9366
F: (813) 639-9376
mfeldman@flandgatrialattorneys.com
mail@feldmanlegal.us
*Lead Attorney for Plaintiff and class*
of similarly situated